UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING COHEN, an individual, Plaintiff, v. SAN DIEGO STATE UNIVERSITY, et. al., Defendants. | Case No.: 3:25-cv-01616-LL-AHG **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** [ECF Nos. 30, 32] |

Before the Court is Defendant Board of Trustees of the California State University System's Motion to Dismiss pro se Plaintiff King Cohen's Second Amended Complaint ("SAC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 30. Specifically, Defendant moves to dismiss Claims One, Two, Three, Four, Five, Six, Nine, and Ten. *Id*. Also before the Court is Plaintiff's Motion for Partial Judgement on the Pleadings. ECF No. 32. The motions are fully briefed, and the Court deems them suitable for determination on the papers and without oral argument pursuant to Civil Rule 7.1. For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss, and **DENIES** Plaintiff's Motion for Partial Judgment on the Pleadings.

**I. BACKGROUND**

Plaintiff King Cohen, a former student at San Diego State University ("SDSU"), brings this action against Defendants Board of Trustees of the California State University System (the "Board"); Dr. Lee Mintz, Director of the Center for Student Rights and Responsibilities ("CSRR"); Briana Brasel, Student Conduct Administer and Coordinator of CSRR; Associate Director of CSRR; President of Student Affairs; Vice President of Student Affairs; Campus President; and Does 1–10. ECF No. 28 at 3. All individual defendants are sued in their official capacities. *Id*.

While at SDSU, Plaintiff was accused of academic misconduct for using artificial intelligence ("AI") in his final paper even though SDSU had previously authorized Plaintiff's use of AI as part of his accommodation for his disability. ECF No. 28 at 7–10. Plaintiff subsequently filed a civil rights complaint with the U.S. Department of Education, Office for Civil Rights. *Id*. at 8. Plaintiff alleges that Defendants began retaliating against him by pursuing academic sanctions after Plaintiff filed his civil rights complaint and even after his professor confirmed that there was no misconduct. *Id*. at 9–11.

Plaintiff alleges ten causes of action ("COA"):

- COA 1–4: violations of 42 U.S.C. § 1983 (*id.* at 16–27);
- COA 5: Breach of Implied Contract (*id.* at 27–29);
- COA 6: violation of Title II of the Americans with Disabilities Act ("ADA") (*id.* at 29–30);
- COA 7–8: violations of Section 504 of the Rehabilitation Act (*id.* at 31–34);
- COA 9: violation of the Unruh Civil Rights Act (*id.* at 34–35); and
- COA 10: violations of Title VI of the Civil Rights Act (CRA) (*id.* at 35–38).

Plaintiff seeks monetary damages as well as declaratory and injunctive reliefs. *Id.* at 19, 22, 25, 27–28, 30, 32, 34–35, 52.

In its Motion to Dismiss, the Board argues that Claims One through Six, Nine, and Ten should be dismissed because they are barred by the doctrine of sovereign immunity under the Eleventh Amendment. ECF No. 30 at 4–5.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 545. In other words, "the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quotation omitted).

Moreover, courts "liberally construe[ ]" pleadings filed by pro se litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Davis v. Silva*, 511 F.3d 1005, 1009 n.4 (9th Cir. 2008) ("[T]he Court has held pro se pleadings to a less stringent standard than briefs

by counsel and reads pro se pleadings generously, 'however inartfully pleaded.'").

## II. DISCUSSION

### A. Defendant's Motion to Dismiss

The Board argues that all challenged claims are barred by the Eleventh Amendment. (ECF No. 30 at 4–5). For the reasons set forth below, the Court **GRANTS** the Board's Motion as to Claims One through Five and Nine and **DENIES** the Board's Motion as to Claims Six and Ten.

#### 1. Sovereign Immunity under the Eleventh Amendment

"The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999). Ordinarily, this protection "extends to state instrumentalities and agencies," as well as "state officials" sued in their "official capacity." *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3 d 963, 967 (9th Cir. 2010). In California, state colleges and universities are "dependent instrumentalities of the state." *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982); *see also Stanley v. Trst. of the Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006) ("We have previously held that the Trustees are an arm of the state that can properly lay claim to sovereign immunity.") Thus, it follows that the Board is an instrumentality of the State of California for Eleventh Amendment purposes.

State sovereign immunity under the Eleventh Amendment is not absolute, however, as there are three exceptions to the rule: (1) Congress may abrogate that immunity pursuant to its lawmaking powers conferred by the United States Constitution (*Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000)); (2) a state may waive its immunity by consenting to suit (*Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999)); and (3) under the *Ex parte Young* doctrine, immunity does not bar "a suit against a state official when that suit seeks only prospective injunctive relief in order to 'end a continuing violation of federal law.'" (*Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 73 (1996) (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)).

**a. 42 U.S.C. § 1983 Claims (COAs 1–4)**

The Board argues that Plaintiff's 42 U.S.C. § 1983 claims must be dismissed based on state's Eleventh Amendment immunity, and the Court agrees. "One of the requisite elements for stating a claim under § 1983 is that the violation was committed by a 'person' acting under color of state law." *Cortez v. Cnty. of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002) (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989)). "[A] state and its officials sued in their official capacity are not considered 'persons' within the meaning of § 1983, due to the sovereign immunity generally afforded states by the Eleventh Amendment." *Cortez*, 294 F.3d at 1188.

Moreover, none of the exceptions to immunity apply here. First, Congress did not abrogate states' sovereign immunity for § 1983 claims. *See Kentucky v. Graham,* 473 U.S. 159, 169 n. 17 (1985) ("The Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity"); *see also Brown v. Cal. Dep't of Corrs.,* 554 F.3d 747, 752 (9th Cir.2009) (same). Second, Plaintiff does not allege that the Board has either waived its sovereign immunity or otherwise consented to this suit. Third, as discussed above, *Ex parte Young* only applies to a "state official" and does not apply to the Board. Consequently, the Board is entitled to Eleventh Amendment immunity from § 1983 actions.

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Claims One through Four **WITHOUT LEAVE TO AMEND**. *See Quinault Indian Nation v. Pearson for Est. of Comenout*, 868 F.3d 1093, 1101 (9th Cir. 2017) (affirming that district court did not abuse its discretion in denying leave to amend where an amendment would not cure the defects in the original pleading).

**b. State Law Claims (COAs 5, 9)**

The Eleventh Amendment also bars Plaintiff's state law claims, breach of implied contract and violation of the Unruh Civil Rights Act. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (allowing a federal court to adjudicate state law claims as against the state itself "conflicts directly with the principles of federalism that

underlie the Eleventh Amendment." ); *see also Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) ("the Eleventh Amendment [] precludes the adjudication of pendent state law claims against nonconsenting state defendants in federal courts.").

It has been well established that absent waiver or congressional abrogation, the Eleventh Amendment bars breach of contract claims against the State and arms of the State. *See e.g., Doe v. Lawrence Livermore Nat. Lab'y*, 131 F.3d 836, 838–39 (9th Cir. 1997) (finding breach of contract claim barred by sovereign immunity under the Eleventh Amendment); *Green v. Shoreline Cmty. Coll.*, No. C06-465P, 2006 WL 3761366, at *13 (W.D. Wash. Dec. 21, 2006), *aff'd*, 295 F. App'x 126 (9th Cir. 2008) (finding defendant community college immune under the Eleventh Amendment as a state agency from breach of contract claim because of failure to demonstrate congressional abrogation of state law); *Robinson v. Green River Cmty. Coll.*, No. C 10-0112-MAT, 2010 WL 3947493, at *4 (W.D. Wash. Oct. 7, 2010) (same).

The same is true for the Unruh Civil Rights Act claims. *See e.g., Stanley*, 433 F.3d at 1133–34 (upholding dismissal of Unruh Act claims because "[t]he Act does not specifically consent to federal court actions"); *Mihan v. Regents of the Univ. of California*, No. 216CV01390KJMCMK, 2016 WL 6875911, at *4 (E.D. Cal. Nov. 21, 2016) (dismissing plaintiff's Unruh Act claim because plaintiff failed to demonstrate that California clearly waived its sovereign immunity under the Unruh Act); *Crumb v. Orthopedic Surgery Med. Grp.*, No. CV076114GHKPLAX, 2008 WL 11338170, at *2 (C.D. Cal. Apr. 9, 2008) (dismissing plaintiff's Unruh Act claim against state agencies with prejudice).

Therefore, the Board is entitled to Eleventh Amendment immunity against Plaintiff's state law claims. Accordingly, the Court **GRANTS** the Board's Motion to Dismiss Claims Five and Nine **WITHOUT LEAVE TO AMEND**. *See Quinault Indian Nation*, 868 F.3d at 1101.

**c. Title II of the Americans with Disabilities Act (COA 6)**

Contrary to the Board's assertion that Plaintiff's ADA claim is barred by the

Eleventh Amendment, the Board is not automatically immune from Plaintiff's ADA claim. First, the Board incorrectly relies on *Board of Trustees of University of Alabama v. Garrett*, in which the Supreme Court held that claims arising under Title I of the ADA are barred by the Eleventh Amendment. 531 U.S. 356, 360 (2001). However, Plaintiff alleges violations of Title II of the ADA, not Title I. ECF No. 30 at 29–30.

Second, the Supreme Court has held that "insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." *United States v. Georgia*, 546 U.S. 151, 159 (2006) (emphasis in original). Therefore, this Court must assess whether Plaintiff "alleges conduct that violates not only of Title II of the ADA but also the Fourteenth Amendment to the United State Constitution." *Viriyapanthu v. State Bar of Cal.*, No. 817CV02266JVSDFMX, 2018 WL 6136148, at *3 (C.D. Cal. Oct. 26, 2018), *aff'd sub nom. Viriyapanthu v. State Bar of Cal.*, 813 F. App'x 312 (9th Cir. 2020).

Specifically, the Court must inquire: "(1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." *Georgia*, 546 U.S. at 159; *Kohn v. State Bar of Cal.*, 119 F.4th 693, 698 (9th Cir. 2024), *cert. denied*, 146 S. Ct. 127 (2025).

At this juncture, this Court declines to dissect Plaintiff's 54-page SAC to address this 3-part inquiry. Given that Plaintiff is pro se, the Court will give Plaintiff leave to amend with the caveat that Plaintiff will do so ***succinctly*** and sufficiently alleging facts addressing the elements identified above. *See* Fed. R. Civ. P. 15(a)(2); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, the Court **DENIES** Defendant's Motion to Dismiss Claim Six based on Eleventh Amendment's sovereign immunity.

**d. Title VI of the Civil Rights Act (COA 10)**

Congress has explicitly and unequivocally abrogated state sovereign immunity for claims arising under Title VI for damages. *See* 42 U.S.C. § 2000d-7(a)(1) ("A State shall

not be immune under the Eleventh Amendment . . . from suit in Federal court for a violation of . . . title VI of the Civil Rights Act of 1964 . . . ."); *see also Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) ("*Congress abrogated state immunity from damages* under Title VI.") (emphasis in original). Thus, the Court finds that Plaintiff's Title VI claim is not barred by sovereign immunity. *See, e.g.*, *Akins v. San Diego Cmty. Coll. Dist.*, No. 12CV00576 BTM WVG, 2013 WL 40976, at *3 (S.D. Cal. Jan. 2, 2013) (denying motion to dismiss plaintiff's Title VI claim against the defendant community college district); *Students Against Racial Discrimination v. Regents of Univ. of California*, 812 F. Supp. 3d 1046, 1057 (C.D. Cal. 2025) (same). Accordingly, the Court **DENIES** the Board's Motion to Dismiss Claim Ten.

### B. Plaintiff's Motion for Partial Judgment on the Pleadings

A part may move for judgment on the pleadings "[a]fter the pleadings are closed." Fed. R. Civ. Proc. § 12(c). As the Board correctly points out, the pleadings are not closed yet. ECF No. 33 at 2. Therefore, Plaintiff's Motion for Partial Judgment on the Pleadings is **DENIED**.

## III. CONCLUSION

The Court **GRANTS** Defendant's Motion to Dismiss Claims One, Two, Three, Four, Five, and Nine with prejudice and **DENIES** Defendant's Motion to Dismiss as to Claims Six and Ten. The Court further **DENIES** Plaintiff's Motion for Partial Judgment on the Pleadings. Plaintiff is **ORDERED** to file an amended pleading on or before **September 11, 2026**.

Dated: August 21, 2026

Honorable Linda Lopez
United States District Judge